**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

ARTHUR MACDOUGALL,                                    :
                                                      :
                        Plaintiff,                    :
                                                      :
v.                                                    :          Civil Action No. _____
                                                      :
DITECH FINANCIAL, LLC,                                :
Serve:  CT Corporation System                         :
             4701 Cox Road, Suite 285                 :
             Glen Allen, VA 23060                      :
                                                      :
and                                                   :
                                                      :
EXPERIAN INFORMATION SOLUTIONS, INC., :
                                                      :
Serve:  David N. Anthony, Registered Agent            :
             1001 Haxall Point                         :
             Richmond, VA   23219                      :
                                                      :
and                                                   :
                                                      :
EQUIFAX INFORMATION SERVICES, LLC,                    :
                                                      :
Serve:  Corporation Service Company, Reg. Agent       :
             Bank of America Center, 16th Floor        :
             1111 East Main Street                     :
             Richmond, VA   23219                      :
                                                      :
and                                                   :
                                                      :
TRANS UNION, LLC,                                     :
                                                      :
Serve:  Corporation Service Company, Reg. Agent       :
             Bank of America Center, 16th Floor        :
             1111 East Main Street                     :
             Richmond, VA 23219                        :
                                                      :
                        Defendants.                    :
_____:

## COMPLAINT

The Plaintiff, Arthur MacDougall, (hereinafter, "Plaintiff"), by counsel, and for his Complaint against the Defendants, alleges as follows:

## PRELIMINARY STATEMENT

1.     This is an action for actual, statutory and punitive damages, costs and attorney's fees brought against all the Defendants pursuant to 15 U.S.C. § 1681 *et seq*. (Federal Fair Credit Reporting Act or "FCRA").

## JURISDICTION

2.     The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. §§ 1681(p) and §1692k(d). Moreover, this Court also has jurisdiction over the state law claims by supplemental jurisdiction under 28 U.S.C. § 1367.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

4.     The Plaintiff, Arthur MacDougall ("Plaintiff"), is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

5.     Upon information and belief, Ditech Financial, LLC ("Ditech") is a limited liability company doing business in the Commonwealth of Virginia.. At all relevant times hereto, Ditech was a furnisher as governed by the FCRA.

6.     Equifax Information Services, LLC ("Equifax") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia. Equifax is a "consumer reporting agency", as defined in 15 U.S.C. §1681a(f).

2

7.      Defendant Experian Information Solutions, INC. ("Experian") is a foreign limited liability company authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia. Experian is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f).

8.      Trans Union, LLC ("Trans Union") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia. Trans Union is a "consumer reporting agency", as defined in 15 U.S.C. §1681a(f).

## FACTS

9.      In June 2016, Plaintiff applied to refinance his mortgage and Navy Federal Credit Union denied his mortgage application.

10.     At this time, Plaintiff obtained copies of his credit reports and learned that each of his credit reports contained inaccurate information regarding two accounts reported by Ditech.

11.     The two accounts were closed in October 2013 and February 2014 when the mortgage were serviced by Green Tree Servicing, LLC ("Green Tree")—long before Ditech Mortgage Corporation and Green Tree merged to form Ditech Financial, LLC.

12.     Because the two accounts were closed with Green Tree in 2013 and 2014, it was inaccurate and improper for Ditech to report the accounts altogether as Plaintiff never had an account with Ditech.

13.     Worse yet, Ditech inaccurately reported the current status of the loans as "120 days past due" and at least one account as "120 days past due" from November 2013 through December 2014.

14.     This information was inaccurate—Plaintiff closed the account with Green Tree in October 2013 and, thus, it was impossible for him to be currently "120 days past due" or past due at any time after October 2013. Moreover, it was inaccurate and improper for Ditech to report the account in the first place as Plaintiff never had an account with Ditech.

15.     After learning of the inaccurate information, Plaintiff contacted Ditech and spoke with an employee by the name of Melanie (employee #100252). During this call, Melanie indicated that Ditech had paperwork showing that the accounts were satisfied with Green Tree. Melanie further indicated that the accounts were reported to the credit bureaus in error and should be retracted.

16.     On or around June 14, 2016, Plaintiff sent separate credit dispute letters to Equifax, Experian and Trans Union explaining that the Ditech accounts should be removed from his credit report. To that end, Plaintiff explained that the accounts were closed in October 2013 and February 2014 when Green Tree serviced the loans and that Ditech should have never reported the accounts in the first place. Plaintiff further detailed his conversation with Melanie from Ditech, who agreed that Ditech reported the accounts in error.

17.     To further verify the accuracy of his representations, Plaintiff included the agreements between him and Green Tree, which showed that the accounts had been closed in October 2013 and February 2014, respectively.

18.     On July 8, 2016, Equifax returned the results of its investigation to Plaintiff, which indicated that Equifax "researched" the account and determined that Ditech was reporting the account currently. To that end, Equifax not only continued to inaccurately report the loans,

4

but it also reported the current status of the loans as "120 days past due" and at least one account as "120 days past due" from November 2013 through December 2014.

19.     On July 12, 2016, Experian returned the results of its investigation to Plaintiff, which reflected that Experian failed to correct the inaccurate information attributed to Plaintiff. Although Experian updated the Ditech accounts as "paid in settlement" as opposed to 120 days past due, Experian continued to report the accounts, including the derogatory notation that the accounts were "paid in full for less than full balance." Additionally, Experian also double reported one of the accounts, which created the appearance that Plaintiff had 3 mortgages with Ditech—each of which was settled for less than the full balance.

20.     On July 13, 2016, Trans Union returned the results of its investigation to Plaintiff, which reflected that Trans Union failed to correct the inaccurate information attributed to Plaintiff. To that end, Trans Union not only continued to inaccurately report the loans, but it also reported the current status of the loans as "120 days past due" and at least one account as "120 days past due."

21.     On August 8, 2016, Plaintiff follow-up credit dispute letters to Equifax, Experian and Trans Union once again explaining that the Ditech accounts should be removed from his credit report. To that end, Plaintiff explained that the accounts were closed in October 2013 and February 2014 when Green Tree serviced the loans and that Ditech should have never reported the accounts in the first place. Plaintiff further detailed his conversation with Melanie from Ditech, who agreed that Ditech reported the accounts in error. Plaintiff further explained that it was impossible for him to be 120 days past due on the accounts.

22.     On September 8, 2016, Trans Union mailed correspondence to Plaintiff indicating that it deleted both Ditech accounts from his credit file.

23.     By contrast, Experian returned the results of its investigation to Plaintiff on September 8, 2016, which reflected that Experian failed to correct the inaccurate information attributed to Plaintiff. Although Experian removed one of the Ditech accounts that Experian was double reporting, Experian continued to inaccurately report the accounts, including the derogatory notation that the accounts were "paid in full for less than full balance."

24.     Equifax responded to Plaintiff's dispute on September 11, 2016, and deleted one of the accounts from Plaintiff's credit file. However, Equifax's investigation results did not provide any information about the second account.

25.     As explained above, Defendants each had actual knowledge of the inaccurate information attributed to Plaintiff, but deliberately chose to ignore and permit the reporting of the information.

26.     Upon information and belief, on numerous occasions, Equifax, Experian and Trans Union furnished the Plaintiff's consumer reports to multiple entities and included the inaccurate derogatory information regarding the Ditech accounts.

**COUNT ONE:**
**15 U.S.C. § 1681e(b)**
**(EQUIFAX, EXPERIAN, TRANS UNION)**

27.     Plaintiff incorporates all other factual allegations set forth in the Complaint.

28.     Equifax, Experian and Trans Union violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files it published and maintained.

29.     As a result of Equifax, Experian and Trans Union's violations of 15 U.S.C. §1681e(b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

30.     The violations by Equifax, Experian and Trans Union were willful, rendering them liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax, Experian and Trans Union were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

31.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT TWO:
### Violation of 15 U.S.C. § 1681i

32.     Plaintiff incorporates all other factual allegations set forth in the Complaint.

33.     Defendants violated multiple sections of § 1681i, including but not limited to their conduct of: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file in violation of § 1681i(a)(1); (2) by failing to review and consider all relevant information submitted by Plaintiff in violation of §1681i(a)(4); (3) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit files or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A); and (4) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit files or modify the item of information upon a lawful reinvestigation in violation of §1681i(a)(5)(A).

34.     As a result of Defendants' violations of §1681i, Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

35.     The violations by Defendants were willful, rendering Defendants liable for punitive damages in pursuant to § 1681n. In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

36.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants pursuant to 15 U.S.C. § 1681n and §1681o.

**COUNT THREE:**
**Violation of 15 U.S.C. §1681s-2(b)(1)(A)**
**(DITECH)**

37.     Plaintiff incorporates all other factual allegations set forth in the Complaint.

38.     On one or more occasions within the past two years, by example only and without limitation, Ditech violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes.

39.     When the Plaintiff mailed his disputes to the consumer reporting agencies ("CRAs"), they use a dispute system named, "e-Oscar", which has been adopted by the CRAs and by their furnisher-customers such as Ditech. It is an automated system and the procedures used by the CRAs are systemic and uniform.

40.     When Trans Union, Experian, or Equifax receive a consumer dispute, they (usually via an outsourced vendor) translate that dispute into an "ACDV" form.

41.     Upon information and belief, the ACDV form is the method by which Ditech has elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

8

42.     On information and belief, the Plaintiff alleges that to date Ditech has never complained to the CRAs about the amount of information it receives regarding a consumer dispute through the e-Oscar system or through ACDVs.

43.     If Ditech receives a consumer dispute ACDV form, it is aware that it may also contact the CRA that sent it to obtain more information regarding a consumer's dispute.

44.     Based on the manner in which Trans Union, Experian, and Equifax responded to the Plaintiff's disputes, representing that Ditech had "verified" the supposed accuracy of its reporting, Plaintiff alleges the CRAs forwarded Plaintiff's dispute via an ACDV to Ditech.

45.     Ditech understood the nature of the Plaintiff's dispute when it received the ACDV from the CRAs.

46.     When Ditech received the ACDV from the CRAs, it as well could have reviewed its own system and previous communications with the Plaintiff and discovered additional substance of the Plaintiff's dispute.

47.     Notwithstanding the above, Ditech follows a standard and systemically unlawful process when they receive the ACDV dispute.  Basically, all it does is review its own internal computer screen for the account and repeat back to the ACDV system the same information that it already had reported to the CRAs.

48.     When Ditech receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether or not the information already in its computer system is itself accurate.

49.     As a result of Ditech's violations of 15 U.S.C. §1681s-2(b)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

50.     On information and belief, the Plaintiff alleges that Ditech has not materially changed their FCRA investigation procedures after learning of its failure in this case.

51.     The violations by Ditech were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Ditech was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

52.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Ditech in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

**COUNT FOUR:**
**Violation of 15 U.S.C. §1681s-2(b)(1)(B)**
**(DITECH)**

53.     Plaintiff incorporates all other factual allegations set forth in the Complaint.

54.     On one or more occasions within the past two years, by example only and without limitation, Ditech violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the CRAs.

55.     As Plaintiff detailed in the previous Count, Ditech has elected to use the e-Oscar system for its FCRA disputes received through the CRAs.

56.     Ditech is aware of the meaning of the several dispute codes used by the CRAs in e-Oscar.

57.     Ditech does not contend that the ACDV system is an inadequate means to receive FCRA disputes through the CRAs.

58.     Ditech understood the Plaintiff's disputes regarding the inaccurate reporting of the account and the status of the account.

59.     Nevertheless, it ignored such information and instead simply regurgitated the same information they had previously reported to the CRAs.

60.     As a result of Ditech's violations of 15 U.S.C. §1681s-2(b)(1)(B), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

61.     The violations by Ditech were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Ditech was negligent, which entitles Plaintiff to recover under 15 U.S.C. §1681o.

62.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Ditech in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT FIVE:
**Violation of 15 U.S.C. §1681s-2(b)(1)(C) and (D)**
**(DITECH)**

63.     Plaintiff incorporates all other factual allegations set forth in the Complaint.

64.     On one or more occasions within the past two years, by example only and without limitation, Ditech violated 15 U.S.C. § 1681s-2(b)(1)(C) and (D) by publishing the its representations within Plaintiff's credit files with Trans Union, Experian, and Equifax without

11

also including a notation that these debts were disputed and by failing to correctly report results of an accurate investigation to each credit reporting agency.

65.     Specifically, despite being on notice of Plaintiffs numerous direct disputes, Ditech failed to add the "XB" code to the CCC (Compliance Condition Code) field in the ACDV dispute forms when it responded to the CRAs.

66.     On information and belief, as a matter if common practice, Ditech rarely, if ever, adds the XB code or other notation that an account is disputed when it responds to e-Oscar ACDVs.

67.     Furthermore, Ditech knew that the Plaintiff disputed the subject accounts through his numerous correspondences to Ditech directly and through dispute letters to Equifax, Experian, and Trans Union.

68.     The Plaintiff's disputes were bona fide as reflected by the agreements between him and Green Tree, which showed that the accounts had been closed in October 2013 and February 2014, respectively.

69.     The violations by Ditech were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Ditech was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

70.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Ditech in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully Submitted,
**ARTHUR MACDOUGALL**

By:_____/s/ Kristi C. Kelly_____
                    Counsel

Kristi Cahoon Kelly, VSB#72791
Andrew J. Guzzo, VSB #82170
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
Telephone: 703-424-7572
Fax: 703-591-0167
Email: kkelly@kellyandcrandall.com
Email: aguzzo@kellyandcrandall.com
*Counsel for Plaintiff*